UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME E. MARSHALL, | ) CV F 05-0638 AWI WMW HC |
| | ) |
| | ) FINDINGS AND RECOMMENDATIONS RE |
| | ) MOTION TO DISMISS PETITION FOR WRIT |
| Petitioner, | ) OF HABEAS CORPUS |
| | ) |
| v. | ) [Doc. 6] |
| | ) |
| PAUL M. SCHULTZ, | ) |
| | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss. Petitioner opposes the motion.

**PROCEDURAL HISTORY**

On July 19, 1991, a jury in the Southern District of Indiana convicted Petitioner of conspiring to possess cocaine with intent to distribute; being a felon in possession of a firearm; making a false statement to acquire firearms; and conspiring to launder money obtained by illegal means.  18 U.S.C. §§ 371, 922(a)(6), 922(g)(1), 1956(a)(1)(B)(I), 21 U.S.C. §§ 841(a)(1), 846. On September 30, 1991, Petitioner was sentenced to life imprisonment on count 1; 15 years on count 2; and 60 months each on counts 4 and 5, with all terms to run concurrently.  Petitioner

filed a direct appeal from his sentence and on February 3, 1993, the Court of Appeals for the Seventh Circuit ("Seventh Circuit") affirmed his conviction. United States v. Marshall, 985 F.2d 901 (7th Cir. 1993).

On April 24, 1997, Petitioner filed a motion under 28 U.S.C. § 2255. The district court denied the Section 2255 on September 30, 1998. Both the district court and the Seventh Circuit denied Petitioner's request for a certificate of appealability.

Petitioner filed the present Section 2255 motion on May 13, 2005.

## LEGAL STANDARD

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has

1 recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
2 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
3 motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,
4 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
5 does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
6 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
7 Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
8 petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
9 v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
10 United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
11 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden
12 is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United
13 States, 315 F.2d 76, 83 (9th Cir. 1963).

## DISCUSSION

15 Respondent moves to dismiss this petition for writ of habeas corpus pursuant to Section
16 2241 on the ground that Petitioner, who has already filed a motion to vacate, set aside or correct
17 his sentence pursuant to Section 2255, has not established a basis for filing under Section 2241.
18 Petitioner presents two contentions in his petition.  First, Petitioner contends that his
19 sentencing was invalid because the United States Attorney failed to provide him with a statement
20 in writing of the previous convictions that were relied upon to increase his sentence, as is
21 required under 21 U.S.C. Section 851(a)(1).  Second, Petitioner contends that the district court
22 failed to take a categorical approach to evaluating his prior convictions as required by Taylor v.
23 United States, 495 U.S. 575 (1990).  Petitioner claims that he is entitled to pursue relief under
24 Section 2241, in light of the "fact" that he is serving a sentence in violation of his right to
25 effective assistance of counsel and his right to due process of law.  He claims that because relief
26 under Section 2255 is unavailable to provide review of the illegality of his sentence, Section
27 2255 is rendered inadequate and ineffective as applied to him.
28 In response to this explanation by Petitioner, Respondent argues that Petitioner has not

1  met the Section 2255 savings clause for two reasons.  First, Respondent argues that  Petitioner
2  does not claim that he is innocent of the charges against him.  Second, Respondent argues that
3  Petitioner could have raised his claims in his direct appeal and in his  Section 2255 motion.
4       In opposing the motion to dismiss, Petitioner first correctly argues that he does not meet
5  the standard for filing a successive Section 2255 motion because the issues he now wishes to
6  present to the court are not based upon either (1) a new rule of Constitutional law made
7  retroactive by the Supreme Court to cases on collateral review, that was previously unavailable;
8  or (2) newly discovered evidence.  See 28 U.S.C. § 2255.  However, any claim by Petitioner that
9  Section 2255 is inadequate or ineffective because he is precluded from filing a second Section
10  2255 motion is without merit.  See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal
11  of a successive motion attacking sentence did not render such motion procedure an ineffective or
12  inadequate remedy, so as to authorize federal prisoner to seek habeas relief).
13       Petitioner further argues that he meets the standard for the Section 2255 savings clause,
14  allowing him to now proceed under Section 2241.  In regard to actual innocence, Petitioner
15  argues that his sentence was invalid because his prior convictions did not fall within that
16  described in 18 U.S.C. Section 924(e).   The court finds that this argument provides no basis for
17  an claim of actual innocence.  Rather, it merely goes to validity of  sentencing.
18       In regard to never having had the opportunity to raise his claims earlier,  Petitioner claims
19  that the district court abused its discretion in refusing to entertain his claim in his Section 2255
20  petition on the ground that Petitioner had not raised the claim on direct appeal.  The court finds
21  that this argument provides no basis for Petitioner's claim that he did not have the opportunity to
22  raise this claim earlier.  To the contrary, it demonstrates the opposite.  As Respondent argues,
23  Petitioner could have raised both of his claims in his direct appeal and his  Section 2255 motion.
24  Section 851 has been in effect since 1970, and Taylor was decided in 1990, the year before
25  Petitioner was sentenced.
26       Accordingly, the court hereby concludes that Petitioner has failed to carry his burden to
27  show that the remedy under Section 2255 is inadequate or ineffective. Accordingly, this court
28  lacks jurisdiction to consider Petitioner's  Section 2241 petition.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That Respondent's motion to dismiss be GRANTED;

2) That this case be dismissed with prejudice;

3) That the Clerk of the Court be directed to close this case and enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 7, 2007**                   /s/  William M. Wunderlich
bl0dc4                                                                      UNITED STATES MAGISTRATE JUDGE