IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME E. MARSHALL,<br><br>　　　　　Petitioner,<br>　　v.<br><br>PAUL M. SCHULTZ,<br><br>　　　　　Respondent. | CV F 05-0638 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS AND<br>DISMISSING PETITION<br><br>(Documents #1 & #12) |

Petitioner, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

BACKGROUND

On May 13, 2005, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition challenges the sentence of life imprisonment without parole that was imposed in the Southern District of Indiana in 1991 as a result of a guilty verdict in a jury trial that found Petitioner guilty of conspiracy to possess cocaine with intent to distribute; being a felon in possession of a firearm; making a false statement to acquire firearms; and conspiracy to launder money obtained by illegal means. Petitioner filed a direct appeal from his conviction on February 3, 1993. The conviction was affirmed. United States v. Marshall, 985 F.2d 901 (7th Cir. 1993). Petitioner filed a motion to modify, vacate or set aside his sentence pursuant to 28

U.S.C., section 2255 on April 24, 1997. That motion was denied on September 30 1998. Both the district court and the Seventh Circuit Court of Appeal denied Petitioner's request for a certificate of appealability.

On February 7, 2007, the Magistrate Judge filed Findings and Recommendations that recommended the petition be dismissed for failure to allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. The Findings and Recommendation was served on Petitioner and contained notice to Petitioner that any objections were to be filed within thirty days.

On March 9, 2007, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations.

**DISCUSSION**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court has conducted a *de novo* review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, including the arguments made in the objections, the court finds the Findings and Recommendation to be supported by the record and by proper analysis.

As correctly discussed by the Magistrate Judge, all of the petition's claims are an attack on Petitioner's conviction and sentence. As noted by the Magistrate Judge,

> Petitioner presents two contentions in his petition. First, Petitioner contends that his sentencing was invalid because the United States Attorney failed to provide him with a statement in writing of the previous convictions that were relied upon to increase his sentence, as is required under 21 U.S.C., section 851(a)(1). Second, Petitioner contends that the district court failed to take a categorical approach to evaluating his prior convictions as required by Taylor v. United States, 495 U.S. 575 (1990). Petitioner claims that he is entitled to pursue relief under Section 2241 in light of the "fact" that he is serving a sentence in violation of his right to effective assistance of counsel and his right to due process of law. He claims that because relief under Section 2255 is unavailable to provide review of the illegality of his sentence, Section 2255 is rendered inadequate and ineffective as applied to him.

Title 28 U.S.C. § 2255 provides the exclusive procedure by which a federal prisoner may

test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). As noted by the Magistrate Judge, there is one exception to this general rule. Section 2255 provides that while a court normally cannot consider a habeas corpus petition authorized under section 2255 unless it is brought in the sentencing court under section 2255, a petitioner can bring a petition under section 2241 if the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, unless Petitioner can demonstrate that his remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the validity of his detention" this court lacks jurisdiction to grant Petitioner relief through 28 U.S.C. § 2241. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam), *cert. denied*, 528 U.S. 1178 (2000); Pirro, 104 F.3d at 299.

In his opposition to Respondent's motion to dismiss, plaintiff contends that he did not raise the issue of the U.S. Attorney's failure to notify pursuant to 21 U.S.C., section 851(a)(1) in his direct appeal because his attorney was under the impression that the issue was jurisdictional and could be raised at any time. Petitioner alleges the issue of failure to provide notice pursuant section 851(a)(1) was raised in Petitioner's initial petition pursuant to section 2255, but was rejected on what Petitioner alleges was the mistaken ground that the issue was decided on direct appeal. The crux of Petitioner's argument with respect to his entitlement to challenge the validity of his sentence by way of habeas relief pursuant to section 2241 is that he is now procedurally barred from raising the issues presented here because the facts of his case do not meet the standard for the filing of a successive petition pursuant to section 2255. Petitioner does not contend section 2255 does not provide a mechanism to address the types of claims petitioner presents here, either on initial petition or on motion for successive habeas relief.

Petitioner's contention is based on the mistaken assumption that some habeas corpus remedy must be available if Petitioner has claims that have not yet been addressed on the merits.

3

The fact a prior court has denied relief in a section 2255 petition is not sufficient to show that section 2255 is inadequate or ineffective, even if a petitioner adamantly disagrees with the prior courts' rulings.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Further, section 2241 is not available under the inadequate or ineffective remedy escape hatch of section 2255 merely because the Court of Appeals refuses to certify a second or successive motion under the gate keeping provisions of section 2555.  Lorentsen, 223 F.3d at 953.  The Ninth Circuit has found that an inability to file a second or successive petition under the AEDPA does not make section 2255 inadequate or ineffective  See Lorentsen, 223 F.3d at 953; Moore, 185 F.3d at 1055.  Simply put, the fact the petition's claims cannot be brought in a section 2255 petition under the AEDPA's procedural rules is insufficient to find section 2255 inadequate or ineffective.

**ORDER**

Accordingly, the Magistrate Judge properly recommended the court dismiss Petitioner's section 2241 petition.   The court HEREBY ORDERS that:

1. The Findings and Recommendation issued by the Magistrate Judge on February 7, 2007, are ADOPTED IN FULL;
2. The petition for writ of habeas corpus is DISMISSED; and
3. The Clerk of the Court is DIRECTED to close this action.  This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   March 22, 2007**             /s/ Anthony W. Ishii
0m8i78                                                UNITED STATES DISTRICT JUDGE